UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joseph Downing, Jr.,

                Plaintiff

      v.

State of Nevada, et al.,

                Defendants

Case No. 2:22-cv-02175-CDS-EJY

Screening Order and Related Matters

[ECF Nos. 4, 8, 10, 11]

Pro se plaintiff Joseph Downing, Jr., who is incarcerated in the custody of the Nevada Department of Corrections, brings this civil-rights action under 42 U.S.C. § 1983 alleging that his First and Eighth Amendment rights were violated when various staff at High Desert State Prison (HDSP) failed to treat his rectal bleeding and sleep apnea conditions; delayed treating his knee-gout, high-blood-pressure, and tuberculosis conditions; delayed providing his prescribed medications for his knee-gout and high-blood-pressure conditions; denied him basic hygiene products and access to a shower and clean clothes for 10 days; denied him legal mail and mail supplies for 12 days; and miscalculated his prison sentence. Downing has filed a first amended complaint (FAC). ECF No. 4. An amended complaint replaces the original complaint and must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). I therefore disregard Downing's original complaint and consider only his FAC.

Downing has applied to proceed *in forma pauperis* (IFP). ECF Nos. 8, 10. Because Downing's IFP application did not include a financial certificate or a six-month inmate trust fund account statement, the court gave him until May 12, 2023, to either file the missing financial documents or pay the $402 filing fee for a civil action. ECF No. 9. Thereafter, Downing filed a motion asking the court to reconsider its order, arguing that prison officials told him it takes them one to four months to prepare those financial documents. ECF No. 11. But that same day, Downing timely filed a new fully complete IFP application with all three required documents. ECF No. 10. I therefore deny Downing's March 29, 2023, IFP application (ECF

No. 8) as moot and incomplete. I deny Downing's motion for reconsideration as moot. And I defer ruling on the May 12, 2023, IFP application (ECF No. 10).

Because Downing applies to proceed *in forma pauperis*, I screen the FAC under 28 U.S.C. § 1915A. I dismiss the entire FAC without prejudice and with leave to amend because it does not comply with the Federal Rules of Civil Procedure (FRCP) governing the joinder of multiple claims and defendants in a single action. And I give Downing guidance to help him file an amended complaint that complies with the pleading requirements.

## I.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1)(2). All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed), but a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While legal conclusions can

1  provide the framework of a complaint, they must be supported with factual allegations." *Ashcroft*

2  *v. Iqbal*, 556 U.S. 662, 679 (2009). "Determining whether a complaint states a plausible claim for

3  relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

4  experience and common sense." *Id.*

5  **II.    SCREENING OF FAC**

6  Downing sues the State of Nevada, the NDOC, HDSP, Sergeant Val, John Doe Warden,

7  John/Jane Doe Associate Warden, and John Doe Doctor for events that allegedly happened while

8  he was incarcerated at HDSP. Downing brings four claims and seeks injunctive and monetary

9  relief. ECF No. 4. But the claims arise out of different transactions, occurrences, or series of

10  transactions and involve different defendants or groups of defendants.

11  **A.    FRCP 18 and 20**

12  A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff

13  to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2)

14  allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of

15  the same "transaction, occurrence, or series of transactions or occurrences" and "any question of

16  law or fact common to all defendants will arise in the action." However, unrelated claims that

17  involve different defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d

18  605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by

19  a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched

20  him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should

21  be rejected if filed by a prisoner"). This rule is not only intended to avoid confusion that arises

22  out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their

23  lawsuits and prevent inmates from circumventing the three strikes rule under the Prison

24  Litigation Reform Act. 28 U.S.C. § 1915(g).

25  **B.    Discussion**

26  In the instant FAC, Downing brings different claims against different prison

27  administrators, corrections officers, caseworkers, and medical staff that are unrelated and

28  cannot proceed in a single lawsuit. For example, Downing raises claims about medical staff

delaying and failing to treat his several medical conditions; corrections officers ignoring the unsanitary conditions of his confinement; corrections officers interfering with his legal and personal correspondence; and a caseworker, prison administrators, and state parole and probation entities miscalculating his prison sentence. I therefore dismiss the entire FAC without prejudice, and I grant leave to amend.

If Downing elects to file an amended complaint, he must choose which claim or related claims he wishes to pursue in this action. Downing is advised that each claim raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Downing may state a single claim against a single defendant. Downing may then add any additional claims to his action that are against the same defendant under FRCP 18. Downing may also add additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2); accord General Order No. 2021-05 at p. 5. If Downing's amended complaint sets forth unrelated claims that violate joinder rules, the court will dismiss the claims it finds to be improperly joined.

Downing also must comply with the procedures set forth in General Order No. 2021-05 that apply to all non-habeas civil filings of *pro se* inmates. Downing should file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint." Downing must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, Downing should allege facts sufficient to show what each defendant did to violate his civil rights.

### III.      CONCLUSION

It is therefore ordered that the March 29, 2023, application to proceed *in forma pauperis* **[ECF No. 8] is DENIED** without prejudice as moot and incomplete.

It is further ordered that a decision on the application to proceed *in forma pauperis* **[ECF No. 10]** dated May 12, 2023, **is DEFERRED**.

It is further ordered that the motion for reconsideration **[ECF No. 11] is DENIED** as moot.

4

It is further ordered that the entire first amended complaint **[ECF No. 4] is DISMISSED** without prejudice and with leave to amend for failure to comply with the procedural rules governing joinder of multiple claims and defendants in a single lawsuit.

It is further ordered that the plaintiff has **until Friday June 30, 2023,** to file an amended complaint that complies with this screening order. Plaintiff is advised that the court will screen the amended complaint in a separate screening order, and the screening process might take several months. If the plaintiff chooses not to file an amended complaint, this action will be subject to dismissal without prejudice for failure to comply with the court's order.

The Clerk of the Court is directed to send plaintiff Joseph Downing, Jr., a courtesy copy of the first amended complaint [ECF No. 4], the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same, and a courtesy copy of General Order No. 2021-05.

DATED: May 30, 2023

_____

Cristina D. Silva
United States District Judge