UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Downing Jr., <br><br> Plaintiff <br><br> v. <br><br> State of Nevada, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-02175-CDS-EJY <br><br> **ORDER** |

This case commenced in December 2022 with Plaintiff's Civil Rights Complaint. ECF No. 1-1. Plaintiff subsequently applied to proceed *in forma pauperis* ("IFP") on April 12 and June 30, 2023. ECF Nos. 10, 15. Plaintiff also filed motions for a temporary restraining order, preliminary injunction, and to subpoena audio and video evidence (the "Motions"). ECF Nos. 17, 18, 19. On August 18, 2023, the Court issued a Screening Order deferring a ruling on Plaintiff's June 30, 2023 IFP application[1] (ECF No. 15); denying the Motions, permitting one claim to proceed, dismissing other claims without prejudice and without leave to amend, and dismissing the remaining claims with leave to amend. ECF No. 22. The Court gave Plaintiff until September 21, 2023 to file a third amended complaint. *Id.* at 17. The Court specifically stated that if Plaintiff chose not to file a third amended complaint by the deadline, this action would proceed against Nurse Ed solely on the Eighth Amendment claim for indifference to rectal bleeding condition. *Id.*

The deadline to amend has expired and Plaintiff did not file a third amended complaint. Plaintiff, however, filed motions seeking a copy of the docket log and court minutes and for the Court to require Defendants to respond to his motions for a temporary restraining order, preliminary injunction, and to subpoena audio and video evidence (the Motions"). ECF Nos. 23, 24. Plaintiff previously noticed the Court regarding confusion with his filings made in this action and in his action styled *Downing v. Kahn*, Case No. 2:23-cv-00082-ART-NJK. ECF Nos. 20, 21. In light of Plaintiff's confusion, the Court finds good cause exists to send Plaintiff a courtesy copy of the docket

---

[1] On May 30, 2023, the Court deferred ruling on Plaintiff's April 12, 2023 IFP application. ECF No. 14.

sheet in this action. The Court previously denied the Motions for the reasons explained in the Screening Order. Plaintiff's motion for an order requiring Defendants to respond to the Motions is moot. Finally, Plaintiff's April 12, 2023 IFP application was mooted by his June 30, 2023 application, which is complete. *Compare* ECF No. 10, *with* ECF No. 15.

Accordingly, IT IS HEREBY ORDERED that this action will proceed against Nurse Ed solely on the Eighth Amendment claim regarding indifference to the rectal bleeding condition.

IT IS FURTHER ORDERED that Plaintiff's IFP application (ECF No. 10) is DENIED as moot. Plaintiff's IFP application (ECF No. 15) remains pending, and the Court has deferred a decision on it. ECF No. 22 at 16.

IT IS FURTHER ORDERED that the Motion for Complete Docket Log and Court Minutes (ECF No. 23) is GRANTED.

IT IS FURTHER ORDERED that the Motion Requesting Responses (ECF No. 24) is DENIED as moot.

IT IS FURTHER ORDERED that, given the nature of the claims that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendant an opportunity to settle their dispute before the Court determines whether to grant Plaintiff's IFP application, the $350 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order about that matter. Regardless, on or before 90 days from the date this Order is entered, the Office of the Attorney General will file the report form attached to this Order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered before the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an Order setting a date for Defendant to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

IT IS FURTHER ORDERED that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that if the case does not settle, then the Court will determine whether to grant Plaintiff's IFP application. Plaintiff will be required to pay the full $350 statutory filing fee for a civil action regardless of whether the Court grants his IFP application. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's IFP application. If Plaintiff is allowed to proceed IFP, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). But if Plaintiff is not allowed to proceed IFP, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

IT IS FURTHER ORDERED that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days before the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that if Plaintiff needs an interpreter to participate in the mediation program, he will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this Order.

IT IS FURTHER ORDERED that the Attorney General's Office will advise the Court within 21 days of the date of this Order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

IT IS FURTHER ORDERED that the Clerk of Court must (1) send to Plaintiff Joseph Downing, Jr. a courtesy copy of the docket sheet in this action; (2) add the Nevada Department of Corrections to the docket as an Interested Party; and (3) electronically serve a copy of this Order,

the Screening Order (ECF No. 22), and Plaintiff's Second Amended Complaint (ECF No. 16) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket.  This does not indicate acceptance of service.

DATED this 5th day of October, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Joseph Downing, Jr.,

    Plaintiff

v.

State of Nevada, *et al.*,

    Defendants.

Case No.  2:22-cv-02175-CDS-EJY

REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____, the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed.  The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay.  By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_\_    A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_\_    A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_\_    No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

| | |
|---|---|
| 1 | _____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*]. |
| 2 | _____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session. |
| 3 | _____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case. |

* * * * *

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

_____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Date:_____

_____
Signature of attorney

_____
Printed name

_____
Address

_____        _____
Telephone number                                           Email address

2